UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE: DARRELL KEITH SPAULDING and          Case No. 10-33117-DOT
      PETRA COLSTON SPAULDING ,                Chapter 13
      Debtors

**MEMORANDUM OPINION AND ORDER**

In this Chapter 13 case, filed April 29, 2010, a plan was confirmed on October 21, 2010. On October 29, 2010, debtors filed an objection to the claim filed September 14, 2010, by Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-3 c/o JPMorgan Chase Bank National Association. The claim was in the amount of $465,437.68, and included $2,599.02 as arrearage. The objection asserted that JPMorgan Chase had provided no "proof of valid assignment of either the Promissory Note…or the Deed of Trust" that were the basis of the debt. Additionally, debtors disputed the $2,599.02 arrearage claim.

In its response to the objection, Deutsche Bank argued that it is the proper holder of the note and beneficiary under the deed of trust by virtue of a series of transfers. It asserts that the original holder of the note, Home Advantage Funding Group, Inc., executed an allonge to the original note that made the note payable to Long Beach Mortgage Company. Long Beach subsequently assigned its interest in the deed of trust to Deutsche Bank. Deutsche Bank attached to its response copies of the original note and deed of trust as well as a copy of a document transferring Long Beach's interest in the deed of trust, together with the note, to "Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-3, ("Assignee"), whose address is, c/o JPMorgan Chase Bank National Association…."

1

The parties engaged in discovery in preparation for an evidentiary hearing on the issue. During the discovery process, debtors made certain requests for documentation and all other evidence relative to the transfer of the note and deed of trust that form the basis of Deutsche Bank's claim. Deutsche Bank objected to those requests on the basis that they were irrelevant, overly broad and not calculated to result in the production of admissible evidence. Debtors subsequently filed a motion to compel Deutsche Bank to produce the requested items.

In the motion to compel, debtors argue that:

Upon information and belief, such a transfer of said Deed of Trust would be invalid and non-compliant, and/or symptomatic and inactive of invalid and non-compliant practices, under various documents governing the Trust and Deutsche Bank, and potentially under federal law and/or regulations, all of which relate to the sale of investor interest in the securitized Trust on whose behalf Deutsche Bank has asserted Claim 17.

Upon information and belief, such invalid and non-compliant practices, as briefly described above, could result in, or could have resulted in, the Claimant's lack of actual ownership or title to the debt asserted in Claim 17 and/or a lack of standing, authority or ownership to assert Claim 17 in Debtors' Chapter 13 bankruptcy case.

In response to the motion, Deutsche Bank asserts that the facts of the case do not support debtors' position. Rather it asserts that the original deed of trust was given by debtors to James W. Debore, as trustee, for the benefit of MERS. The deed of trust provides that it secures "the repayment of the Loan, and all renewals, extensions and modifications of the Note." Section 20 of the deed of trust authorizes the sale of the note without prior notice to the borrowers (debtors). Deutsche Bank argues that because the note was endorsed in blank and Deutsche Bank has possession of the note, which debtors do not dispute, Deutsche Bank has full authority and standing to assert a claim against debtors. In support of its position, Deutsche Bank cites Va. Code § 8.3A-201(b), 8.3A-

2

205(b) as well as *Areebuddin v. OneWest Bank, F.S.B.*, No, 1:09-cv-1083, 2010 WL 1229233, at *2 (E.D. Va. Mar. 24, 2010) ("[I]f an instrument has a blank endorsement, it is considered 'payable to bearer,' and it may be negotiated by transfer of possession alone").

Further, Deutsche Bank argues that the law in Virginia is clear that transfer of a promissory note that is secured by a deed of trust carries with it that security, citing *Horvath v. Bank of New York, N.A.*, 641 F.3d 617 (4th Cir. 2011). In that case, the Fourth Circuit held that:

> For over a century, it has been settled that under Virginia law, interests in deeds of trust accompany the promissory notes that they secure. In other words, deeds of trust and mortgages are regarded in equity as mere securities for the debt, and whenever the debt is assigned the deed of trust or mortgage is assigned or transferred with it….The transfer of [the] note thus necessarily involved a transfer of the underlying security.

*Id*. at 623 (citations omitted).

Hearing on the motion to compel was held on September 7, 2011. At the conclusion of the hearing, the parties were directed to submit additional briefing on the issue. Deutsche Bank submitted its additional authority on October 7, 2010. While debtors submitted a proposed order granting the relief requested, no further legal authority was submitted to the court on behalf of debtors.

After a review of the facts and the law, and in light of *Horvath* and *Areebuddin*, the court finds that Deutsche Bank has standing to assert a claim against debtors. With respect to debtors' argument that perhaps there may have been some underlying impropriety in the transfer of the note and deed of trust to Deutsche Bank, the court notes that debtors have not proffered to the court any authority that would suggest that such an

impropriety would deprive Deutsche Bank of the ability to collect under the note and deed of trust. Absent such authority, if debtors wish to pursue their claim of an alleged impropriety, that claim should be asserted against the offending parties to the allegedly improper transfer and not as a defense to Deutsche Bank's proof of claim.[1]

Similarly, at hearing on the motion to compel, debtors raised the possibility of a RESPA claim against Deutsche Bank. However, debtors have not shown any authority under RESPA[2] that Deutsche Bank is not entitled to pursue its claims under the note and deed of trust. In the absence of such authority, any claims that debtors might have against Deutsche Bank for RESPA violations are not properly pursued in an objection to claim but rather in a separate action.[3]

In light of the above, further discovery as to the transfer of the note is not warranted in debtors' objection to the proof of claim filed by Deutsche Bank. Therefore

IT IS ORDERED that debtors' motion to compel discovery is DENIED, and it is further

ORDERED that debtors' request for attorney's fees is DENIED.

**Signed:**

/s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

---

[1] The court expresses no opinion as to whether any impropriety in fact occurred in the transactions between and among the various parties to the note and deed of trust, including transferor/s and Deutsche Bank.
[2] Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617.
[3] The court expresses no opinion as to whether debtors have any valid claims against Deutsche Bank under RESPA.

Copies:

Jason S. Greenwood
Greenwood Law Firm PC
1406 Princess Anne Street
Fredericksburg, VA 22401

Darrell Keith Spaulding
Petra Colston Spaulding
2603 Melissa Court
Fredericksburg, VA 22408

Carl M. Bates
P. O. Box 1819
Richmond, VA 23218

Susan Hope Call
Chapter 13 Trustee's Office
919 East Main Street, Ste. 1601
P.O. Box 1819
Richmond, VA 23218


Jeffrey L. Tarkenton (VSB #20631)
Todd D. Ross
Womble Carlyle Sandridge & Rice, PLLC
1200 Nineteenth Street, NW, Suite 500
Washington, D.C. 20036